18724

Thomas L. BOOTH, Thaddius B. Kerr, Charles H. Crothers, and Emil S. Elmgreen, Appellants, v. CAROLINA FIDELITY LIFE IN-SURANCE CO., Respondent.

(157 S. E. (2d) 631)

*Theodore W. Law, III, Esq.,* of Columbia, *for Appellants,*

*Messrs. James P. Mozingo, III, D. Kenneth Baker* and *John R. Etheridge, Jr.,* all of Darlington, and *Marchant, Bristow & Bates,* of Columbia, *for Respondent,*

November 6, 1967.

LITTLEJOHN, Justice:

These four cases, (consolidated for the purpose of appeal,) were commenced by service of summonses, without

complaints, on the respondent on December 21, 1966. No notice of appearance and no answer or other pleading were served by respondent, and on January 12, 1967, (the respondent being in default) the four cases were tried before the Judge of the Richland County Court without a jury, resulting in four orders of judgments issued the same day in the total amount of $35,388.88, representing actual and punitive damages to each of the appellants.

After the orders had been filed with the Clerk of Court, counsel for the respondent, on January 21, 1967, moved to open the judgments in each of the cases and served supporting exhibits and an affidavit of counsel for the respondent.

The motion came on to be heard on January 26, 1967, resulting in an order of the court granting the motion to open each of the cases. The lower court found that the respondent had met the requirements of Section 10-1213 of the Code which permits the trial court, in its discretion, to relieve a party from a judgment taken against that party through mistake, inadvertence, surprise or excusable neglect. The court further advanced the cases on the trial docket and ordered the respondent to keep funds on deposit with the insurance department, apparently to make any judgment hereafter obtained collectible.

After briefs of both appellants and respondent were filed with this court the respondent moved to dismiss the appeal on the grounds that the appellants "violated Supreme Court Rule 8, Section 2, in that in the appellants' brief some five and one-half pages are devoted to eighteen questions presented, and the statement in appellants' brief consisted of two and one-half pages." This motion was argued before this Court along with the merits of the case and all questions were taken under advisement.

The transcript includes eighteen exceptions to the ruling of the lower court. In lieu of framing questions as contemplated by Rule 8, Sections 2 and 3, counsel copied in the front of his brief all eighteen exceptions as questions pre-

sented, and thereafter, without framing questions, submitted argument under two subheads or titles. This was in violation of the foregoing Rule.

The appeal is accordingly dismissed for failure to comply with Rule 8, Section 2, of the Rules of this Court.

Irrespective however, we have examined the record and find no merit in the appeal.

Appeal dismissed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.